IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS PRITCHETT, #289034, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-352-WKW |
| | ) | |
| PHIL BRYANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Demetrius Pritchett, an indigent state inmate, on May 31, 2017. In this complaint, Pritchett challenges the constitutionality of the decision to deny him parole issued on May 4, 2017. *Doc. No. 1* at 2-3.

Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits and the Board Action Sheet, in which they address the claims for relief presented by Pritchett. The reports and evidentiary materials refute the self-serving and conclusory allegations presented by Pritchett.

In light of the foregoing, the court issued an order directing Pritchett to file a response to the defendants' written reports. *Doc. No. 16*. The order advised Pritchett that his failure to respond to the reports filed by the defendants would be treated by the court **"as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action."** *Id*. at 1 (emphasis in original). Additionally, the order

"**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Pritchett for filing his response to the defendants' written reports expired on October 19, 2017. As of the present date, Pritchett has failed to file a requisite response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Pritchett is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Pritchett's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Pritchett's compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Pritchett's seeming abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **November 13, 2017**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of October, 2017.

                                          /s/    Wallace Capel, Jr.
                                  CHIEF UNITED STATES MAGISTRATE JUDGE